PITTMAN, ADMINISTRATRIX, *vs.* ELDER *et al.*

COMPLAINT, FROM CITY COURT OF ATLANTA    Statute of Limitations    Contracts. Consideration. Waiver. (Before Judge Clarke.)

Hall, J.—Although the limitation act of March 16, 1869 (Acts 1869, p. 433) not only bars the right of action, but extinguishes the debt, yet where a valid and binding debt had become barred under that act, it could be revived by a new promise in writing, made after the lapse of the period within which the act provides for the bringing of suit, without an additional consideration for the promise. 68 Ga., 592; 62 Id.,

·298; Whart. Contr., §513; 2 Exch., 90; Add. Contr., §13 and cit.; 72 R. I., 472, 484; 3 Bos. and Pull., 249, note (a); Adol. and El., 447 (39 E. C. L. R., 142 *et seq.*), Cowp., 544, 547, 549.

(a) Code, §§1950, par. 6, 2542, 2934 are applicable, and not repugnant to the limitation act of 1869.

(b) There is a distinction in this respect between such debts as could have been enforced before they were barred or released ánd such as never could have been enforced. In the former cases, the bar of the statute may be waived by failing to set it up by way of defense to a suit or by a direct written waiver, made with a view to renounce its benefits, signed by the debtor. Code, §10 and cit.; 72 Ga., 331, 337-8.

(c) The case in 10 Bank, 3 B. R., 313, and 6 Cush., 238, 241, do not conflict with, but support these views.

Judgment affirmed.

Hopkins & Glenn, for plaintiff in error.

Speairs & Simmons; Hillyer & Bro.; Hulsey & Bateman, for defendants.